**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**CEASER JOHNSON, III**                                                                  **PETITIONER**

**v.**                                                                             **No. 4:13CV164-MPM-SAA**

**WARDEN JAMES MOORE, ET AL.**                                                      **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Ceaser Johnson, III for a writ of *habeas corpus* under 28 U.S.C. § 2241. The State has moved to dismiss the petition for failure to state a valid *habeas corpus* claim. Johnson has not responded, and the deadline to do has expired. For the reasons set forth below, the State's motion to dismiss will be granted and the petition dismissed for failure to state a claim upon which relief could be granted.

**Facts and Procedural Posture**

Ceasar Johnson, is incarcerated in the Bolivar County Correctional Facility in Cleveland, Mississippi, under the supervision of Warden Ora Starks. On August 26, 2013, he was indicted in the Circuit Court of Bolivar, Mississippi for one count of murder, one count of possession of firearm by a convicted felon, and two counts of intimidating a witness. (Bolivar County Circuit Court Case No. 2013-0005-CR1). The state court has not set at trial date, but the Circuit Court granted a continuance on October 4, 2013. The trial was originally set for October 7, 2013, but was continued on motion of the defendant to provide counsel additional time to prepare a defense. Johnson has not filed any pleadings or motions in the Mississippi Supreme Court.
On September 19, 2013, Johnson filed the instant *pro se* federal *habeas corpus* petition in which he raises the following grounds for relief:

    **Ground One**. N/A [sic]

**Ground Two**. No evidence only hearsay.

**Ground Three**. The court[']s December 4, 2012 order incorrectly stated that three witnesses had testified on Johnson's behalf.

**Ground Four**. The court has not seen the video tape.

Johnson's request for relief reads as follows: "that Ceasar Johnson III be released immediately out of the Bolivar Correctional Facility and that all the funds that he have spent on bonds and attorney be given back to him."

## 28 U.S.C. § 2241 – Pretrial Detainees

As the petitioner has not been convicted, the court considers him a "pre-trial detainee," and will treat the petition as one filed under 28 U.S.C. § 2241. In *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123 (1973), the United States Supreme Court held that a pre-trial detainee has a right to seek federal *habeas corpus* relief. *Id.*, 410 U.S. at 488-89. The *Braden* Court held, however, "federal *habeas corpus* does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489. In addition, a petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493. Further, there is "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle,* 530 F.2d 1280, 1283 (5th Cir.1976). Generally, there are two types of relief sought by a prisoner who asserts a pretrial *habeas corpus* petition:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. ***While the***

> ***former objective is normally not attainable through federal habeas corpus***, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Id.* (emphasis added). "In other words, a federal court may generally consider a *habeas corpus* petition for pretrial relief from a state court only when the accused does not seek a dismissal of the state court charges pending against him." *Greer v. St. Tammany Parish Jail,* 693 F. Supp. 502, 508 (E.D. La. 1988).

## Two Interpretations of the Petition

Should the court construe the petitioner's arguments as an attempt to prevent the prosecution of his case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Brown,* 530 F.2d at 1282-83; *Braden,* 410 U.S. at 489. On the other hand, if he is attempting to resolve the charges against him, then he must first exhaust state court remedies.

## Seeking Dismissal of the State Prosecution

Based on the allegations of the petition, the instant request for *habeas corpus* relief is not an available remedy. *Dickerson v. State*, 816 F.2d 220, 227 (5th Cir. 1987) (citations omitted). The Fifth Circuit broached this "special circumstance" issue in *Dickerson* and declined to accept the petitioner's analysis that the Sixth Amendment right to a speedy trial was a *per se* "special circumstance." The Court reasoned that "to do so would eliminate the careful distinction drawn by the court in *Braden* between a defendant disrupting the orderly functioning of a state's judicial processes as opposed to enforcing his right to have the state bring him promptly to trial." *Id*. In the present case, the petitioner has not identified "special circumstances" to warrant disruption of the state's judicial process. As such, the instant petition should be dismissed with prejudice for failure to state a claim upon which *habeas corpus* relief may be granted.

## Exhaustion Requirement of 28 U.S.C. § 2241

In addition, petitioners seeking relief under 28 U.S.C. § 2241 must first exhaust available state remedies before seeking relief in federal court.

> Despite the absence of an exhaustion requirement in the statutory language of Section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or **by other state procedures available to the petitioner**. *See, e.g., Braden,* 410 U.S. at 489-92, 93 S.Ct. at 1126-28; *Ex parte Royall,* 117 U.S. 241, 250-54, 6 S.Ct. 734, 739-41, 29 L.Ed. 868, 871-72 (1886); *Brown v. Estelle,* 530 F.2d 1280, 1283 (5th Cir.1976). *See also Atkins v. Michigan,* 644 F.2d 543, 546 (6th Cir.), *cert. denied,* 452 U.S. 964, 101 S.Ct. 3115, 69 L.Ed.2d 975 (1981); *Neville v. Cavanagh,* 611 F.2d 673, 675 (7th Cir.1979), *cert. denied,* 446 U.S. 908, 100 S.Ct. 1834, 64 L.Ed.2d 260 (1980); *Moore v. DeYoung,* 515 F.2d 437, 442 (3rd Cir.1975).

*Dickerson v. State*, 816 F.2d 220, 225 (5th Cir. 1987)(emphasis added).

To the extent that Johnson seeks to force the State to go to trial, he has not filed a motion for a speedy trial in state court. Indeed, it does not appear that Johnson has raised this claim directly in his petition. In any event, Johnson has not provided the state courts with a fair opportunity to address his speedy trial claim; as such, he has not exhausted this claim, either.

In sum, the instant petition for a writ of *habeas corpus* will be dismissed for failure to state a claim upon which relief could be granted – and for failure to exhaust state remedies. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 28th day of May, 2014.

/s/ MICHAEL P. MILLS
CHIEF JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI